IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| ERNESTO HERRING, JR., | |
| Plaintiff, | CIVIL ACTION NO.: 2:25-cv-135 |
| v. | |
| AGLOGIC CHEMICAL, LLC, GUY REID, and ERIC VANDEUSEN, | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and multiple Georgia statutes. Doc. 1. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Title VII claims against Defendants Reid and VanDeusen and all of Plaintiff's state law claims. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of Plaintiff's Title VII claims against Defendant Aglogic Chemical, LLC, and Plaintiff's 42 U.S.C. § 1981 claims against all Defendants by separate Order.

**PLAINTIFF'S CLAIMS**[1]

Plaintiff alleges that he began working as an employee of Defendant Aglogic Chemical, LLC ("Aglogic") on July 2, 2018. Doc. 1 at 27. Plaintiff states he is African American. Id. He alleges that he experienced repeated racial comments directed at him, including by Defendants Reid and VanDeusen. Id. Plaintiff alleges he reported these incidents, resulting in Reid's

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

termination from the company.  Plaintiff alleges that, after reporting these incidents, he experienced a hostile work environment and repeated acts of retaliation.  Id.  Plaintiff alleges he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the EEOC issued a notice of right to sue letter on July 31, 2025.  Id. at 8.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that she is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii); Dingler v. Georgia, 725 F. App'x 923, 927 (11th Cir. 2018) (Section 1915(e)(2)(B) "plainly applies to anyone proceeding *in forma pauperis*, prisoners and non-prisoners alike."); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (noting that non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)[.]"); Dutta-Roy v. Fain, No. 1:14-CV-280, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## DISCUSSION

### I.    Plaintiff's Title VII Claims

Plaintiff brings employment claims against his employer, Aglogic Chemical, LLC. Doc. 1 at 2. However, he also brings claims against two employees, Guy Reid and Eric VanDeusen. Id. Plaintiff characterizes Defendant Reid as a plant manager and Defendant Van Deusen as a maintenance manager. Id. Individual liability is available under 42 U.S.C. § 1981. Perkins v. Kushla Water Dist., 21 F. Supp. 3d 1250, 1261 (S.D. Ala. 2014) (citing Shotz v. City of Plantation, 344 F.3d 1161, 1176 (11th Cir. 2003)). However, "relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, *regardless* of if the employer is a public company or a private company." Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006) (emphasis in original). Therefore, Plaintiff's individual capacity Title VII claims against Defendants Reid and VanDeusen are inappropriate. Thus, I **RECOMMEND** the Court **DISMISS** Plaintiff's Title VII claims against these Defendants.

### II.    Plaintiff's State Law Claims

Plaintiff cites two Georgia statutes as additional bases for liability. First, Plaintiff alleges Defendants violated O.C.G.A. § 34-5-1. Doc. 1 at 3. Second, Plaintiff alleges Defendants violated O.C.G.A. § 45-1-4. Id. Section 34-5-1 concerns discriminatory wage practices on the basis of sex, and Section 45-1-4 applies explicitly to public employees and employers. Plaintiff has not demonstrated how either of these statutes are relevant to his allegations. Therefore, I **RECOMMEND** the Court **DISMISS** Plaintiff's state law claims against all Defendants.

**CONCLUSION**

For the reasons stated above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Title VII claims against Defendants Reid and VanDeusen and all of Plaintiff's state law claims.  However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of Plaintiff's Title VII claims against Defendant Aglogic Chemical, LLC, and Plaintiff's 42 U.S.C. § 1981 claims against all Defendants by separate Order.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 13th day of March, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA